IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| YUSUF O. BUSH | § | |
| VS. | § | CIVIL ACTION NO. 1:18-cv-595 |
| T.J. WATSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Yusuf O. Bush, a prisoner previously confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), against Warden T. J. Watson, Lieutenant Hansen, Unit Manager Maze, Captain Duck, Officer Pitts, Case Manager Hunter, Officer Slaydon, and unidentified defendants.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he was placed in solitary confinement based on allegations that Plaintiff assaulted another inmate. After the camera footage of the incident was reviewed, it was determined that Plaintiff was not involved in the assault, but Defendant Hansen told Plaintiff that he would remain in solitary confinement pending transfer due to information provided by another inmate. Plaintiff alleges that his placement in solitary confinement without being charged with a disciplinary infraction violates his constitutional rights to due process and to be free from cruel and unusual punishment. Plaintiff also contends that he has been denied access to the courts because there is no mailroom in solitary confinement, and the courts have not responded to his legal mail.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on a clearly meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need to contain detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

A victim who has suffered a constitutional violation by a federal actor may, in some instances, recover damages in federal court. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S.

388, 395-97 (1971). Title 42 U.S.C. § 1983 allows individuals to sue for money damages when their constitutional rights are violated by state officials, but there is no analogous statute allowing individuals to recover damages for violations of their constitutional rights by federal officials. *Ziglar v. Abbasi*, _ U.S. _ , 137 S. Ct. 1843, 1854 (2017). An individual's right to recover damages from federal officials for violations of constitutional rights was first recognized by the United States Supreme Court in *Bivens v. Six Unknown Fed. Narcotics Agents*. In *Bivens*, the plaintiff alleged that federal agents entered and searched his apartment without a warrant and arrested him on a narcotics charge, and that all of these actions were taken without probable cause. *Bivens*, 403 U.S. at 389. The Supreme Court held that there was an implied cause of action for damages under the Fourth Amendment for alleged violations of the plaintiff's right to be free from unreasonable searches and seizures by federal officials. *Id*. at 397. The Supreme Court subsequently extended *Bivens* to create implied causes of action for gender discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 422 U.S. 228 (1979), and for failing to provide adequate medical treatment as required by the Cruel and Unusual Punishment Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980).

*Bivens*, *Davis*, *and Carlson* were decided during a time when the Supreme Court "would imply causes of action not explicit in the statutory text itself" in order to provide a remedy to effectuate the statute's purpose. *Abbasi*, 137 S. Ct. at 1855. Under this judicial approach, it appeared to be possible that *Bivens* could be expanded to allow causes of action against federal officials for every constitutional cause of action against state officials permitted by § 1983. *Id*. In later cases, the Supreme Court took a more measured approach to implying causes of action for damages, and "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored'

3

judicial activity." *Id*. at 1855-57 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Over the past forty years, the Supreme Court has repeatedly declined to extend *Bivens* to allow new constitutional claims. *Hernandez v. Mesa*, __ U.S. __, 140 S. Ct. 735, 743 (2020).

In light of the Supreme Court's current approach to such cases, federal courts must now engage in a two-step inquiry when deciding whether to extend *Bivens* to new cases. *Id*. First, the court must determine whether the request to extend *Bivens* "involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" *Id*. (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)); *see also Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019) (noting that the court must first determine whether the plaintiff's claims "fall into one of the three existing *Bivens* actions). A case presents a new context if it is different in a meaningful way from previous *Bivens* cases decided by the Supreme Court. *Abbasi*, 137 S. Ct. at 1860. The Supreme Court provided the following, non-exhaustive list of cases that present meaningful differences:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id*.

Second, if the claim does arise in a new context, the court must consider whether there are "special factors" that counsel hesitation about extending *Bivens*. *Id*. Special factors may include, but are not limited to: the availability of a statutory cause of action; the length of time Congress has had to create a *Bivens*-like cause of action for that particular context, and the underlying nature of the federal official's activity. *Cantú*, 933 F.3d at 422. If there are special factors, then the court

4

should not extend *Bivens*. *Abbasi*, 137 S. Ct. at 1860; *see also Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020) (noting that courts must refrain from creating an implied cause of action if any special factors exist).

Plaintiff's claims that he was denied due process by being placed in solitary confinement without disciplinary action, was subjected to cruel and unusual punishment by being assigned to solitary confinement, and was denied access to the courts are new contexts because the Supreme Court has not previously recognized an implied cause of action for these claims. There are special factors counseling hesitation in extending *Bivens* to create new causes of action for these claims, including the availability of other remedies.

First, the Bureau of Prisons's administrative remedy procedure provides an alternate method of relief. *Watkins v. Carter*, No. 20-40234, 2021 WL 4533206, at *2 (5th Cir. Oct. 4, 2021) (noting that the BOP's Administrative Remedy Program provides an alternative method of relief to a *Bivens* action). In some cases, the Federal Tort Claims Act also provides an avenue to pursue monetary claims for damages for negligent or wrongful acts committed by government employees. *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021). Second, the separation of powers is another special factor weighing against extending *Bivens* because Congress has had the occasion to consider prisoner rights, but has not legislated to extend the reach of *Bivens*. *Watkins v. Three Admin. Remedy Coordinators*, 988 F.3d 682, 685-86 (5th Cir. 2021) (declining to extend *Bivens* to include a First Amendment claim of retaliation).

Because there is at least one other avenue of relief through the Administrative Remedy Program and Congress has not legislated to extend *Bivens* beyond the three causes of action recognized by the Supreme Court, Plaintiff does not have viable claims under *Bivens* against

individual defendants for claims of a due process violation, cruel and unusual punishment, and denial of access to the courts.

### Recommendation

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 11th day of April, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE